UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENTON D. GREEN**   D.O.C. # 328983 | : | **DOCKET NO. 15-cv-1974** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CALCASIEU SHERIFF'S PRISON, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff Kenton D. Green ("Green"). Green is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is currently incarcerated at Rayburn Correctional Center ("RCC") in Angie, Louisiana. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of claims based on the plaintiff's failure to prosecute or to comply with a court order. The district court also has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 82 S. Ct. 1386, 1388–89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

In this case, Green was given 30 days to amend his complaint by memorandum order dated April 20, 2016. Doc. 17. The document was mailed to him at Calcasieu Sheriff's Prison in Lake Charles, Louisiana. On May 2, 2016, the court received documentation returning the memorandum

order. Doc. 18. The return had the notation "no longer here." On May 12, 2016, the court received notification from Green changing his address to Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana. Doc. 19. On August 4, 2016, the amend order was re-sent to Green at EHCC. On August 22, 2016, the court received documentation from EHCC returning the memorandum order. Doc. 20. The return had the notation "not at EHCC." On August 31, 2016, the court received notification from Green changing his address to Allen Correctional Center ("ALC") in Kinder, Louisiana. Doc. 21. On September 6, 2016, the amend order was re-sent to Green at ALC.

On September 14, 2016, the court received documentation from ALC returning the memorandum order. Doc. 24. The return had the notation "return to sender, refused." On September 21, 2016, the court received notification from Green changing his address to RCC. Doc. 25. On September 22, 2016, the amend order was re-sent to Green at the last address supplied, namely RCC.

To date, Green has not complied with the amend order nor has he had any further correspondence with this court.

Therefore,

**IT IS RECOMMENDED** that Green's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), bars an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 12th day of May, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE